■ BANK OF NEW YORK, ALBANY, Plaintiff, v DAVID H. GREGORY, Appellant, and JANET G. GREGORY, Respondent.—Appeal from (1) an order of the Supreme Court at Special Term, entered May 27, 1976 in Albany County, which granted a motion by defendant-respondent for summary judgment against defendant-appellant in the sum of $2,569.23, plus interest, costs and disbursements, and (2) from the judgment entered thereon. Appellant and respondent, then husband and wife, executed, as comakers, a convenience letter of credit with the plaintiff bank on December 4, 1970. Various advances and payments were made under the agreement until there was a substantial balance owing to plaintiff. Plaintiff commenced an action against appellant and respondent, as defendants, in November, 1974 for the sum of $2,569.23 plus attorney's fees and, by decision dated January 26, 1976 of the Supreme Court at Special Term, Albany County, plaintiff was granted summary judgment in the said sum of $2,569.23 against respondent. Relief was not granted to plaintiff against appellant because on March 25, 1975 he had been discharged in bankruptcy. In March, 1976 the respondent moved for summary judgment against the appellant, in accordance with a cross claim which she had interposed in response to the complaint herein, for full indemnification for the amount previously determined to be owing from her to plaintiff. The sole allegation contained in the moving affidavit of respondent's attorney in support of her application was that "Defendant David H. Gregory used said monies for his own use and purpose, and defendant Janet G. Gregory signed said letter of credit as an accommodation to her then husband". No affidavit by respondent was submitted in support of her motion. The only further enlightenment we have as to respondent's claim against appellant is the allegation in her answer and cross claim that her "signature was obtained by fraud, duress and undue influence" and the amplification thereof in a bill of particulars submitted in response to the demand of the plaintiff bank in which she alleges that appellant "threatened" her "with loss of home and property and bankruptcy if she did not sign said instrument and gave her no explanation as to what she was signing". There is no documentary evidence in this record in support of, or other substantiation of, these conclusory statements. In opposition to respondent's application for summary judgment, appellant submitted an affidavit denying the allegations of fraud, duress and undue influence and alleging that respondent used the moneys borrowed under the convenience letter of credit by using the account established thereunder "individually by issuing her own checks thereon". In Special Term's decision of January 26, 1976, it was found that respondent "neither denies that she signed the agreement nor contends that the monies were not advanced". In the affidavit submitted by the plaintiff in support of its successful application for summary judgment against respondent, it was alleged that the moneys advanced under the December 4, 1970 agreement "were made on account by reason of and through the defendant's joint checking account", to which respondent presumably had access. Our exami-

nation of this sketchy record reveals an issue of fact, presented by conclusory allegations contained in various pleadings and affidavits submitted on behalf of both respondent and appellant, as to whether respondent's signature on an instrument creating a joint obligation was obtained by fraud, duress or undue influence practiced upon respondent by appellant and a further question as to whether any of the moneys obtained under such instrument were secured or used by respondent. Respondent's claim on this appeal to the contrary, none of these issues were decided in the application upon which plaintiff obtained judgment against her. We disagree with the granting by Special Term of summary judgment to respondent. "However appropriate the summary judgment method may be for disposing without trial cases where there is no issue at all, this is not that kind of case. The truth as to these matters must be arrived at in the lawful and customary way, this is, by a trial where witnesses can be examined and cross-examined and their demeanor and their versions put under the scrutiny of the triers of the facts" *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 63–64). Order and Judgment reversed, on the law, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.